the patent does not contain a sufficient specification of the proportions of the ingredients, to meet the requirements of the law. This defence is not set up in the answer and cannot be considered. Goodyear v. Providence Rubber Co. [Case No. 5,583]; Rubber Co. v. Goodyear, 9 Wall. [76 U. S.] 793.

The defence of the anticipation of this patent by the Wetterstedt patent was fully considered in Tarr v. Folsom [supra]. The disclaimer, in the Tarr and Wonson patent, of such mixtures as are referred to in the Wetterstedt patent should be construed as the Wetterstedt patent itself is to be construed. That patent describes a ship's paint to be made of pulverized antimony and pure oxide of copper, in which a protective influence of the antimony upon the copper is incorrectly ascribed to a supposed galvanic action. The antimony in the Wetterstedt paint was not so used that it performed the function of a base, retarding the dissolution of the copper, by itself dissolving more slowly than the oxide of the copper.

The testimony of Brown and Gardner, when carefully considered, does not prove an anticipation of the Tarr and Wonson invention. Sulphuret of antimony, used by defendants in their paint, is an earthy or mineral matter, which dissolves in water more slowly than the oxide of copper. It comes within the description of the retarding earthy or mineral basis described in the division B, and the use of it, in combination with oxide of copper and a suitable vehicle or medium, constitutes infringement, notwithstanding to the oxide of copper is added a small quantity of arsenite of copper or arsenate of copper, or both.

Decree for injunction and account as prayed for in the bill.

[For other cases involving this patent, see note to Tarr v. Webb, Case No. 13,757.]

---

WONSON (UNITED STATES v.). See Case No. 16,750.

WOOD, Ex Parte. See Case No. 6,825.

---

## Case No. 17,935.

### In re WOOD.

[6 Ben. 339;[1] 13 N. B. R. 96; 1 N. Y. Wkly. Dig. 366.]

District Court, S. D. New York. Feb., 1873.

VOLUNTARY BANKRUPTCY—AMENDMENT OF PETITION.

A bankrupt's petition, which was filed in February, 1868, alleged only that he "had a place of business in New York." In February, 1873, he asked to file an amended petition, in which the words, "and has there carried on business of his own," were added. *Held,* that the amendment could not be allowed, as the words "business of his own" are not found in the act [of 1867 (14 Stat. 517)], but that the applica-

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

tion to amend might be renewed, on an affidavit showing the facts and the reasons why the amendment was not asked for sooner.

[In the matter of Edward T. Wood, a bankrupt.]

The petition in this case was filed February 29, 1868. It stated that the petitioner "had a place of business in New York." In February, 1873, the petitioner asked to file an amended petition, in which the following words: "And has there carried on business of his own," were added to the above allegation.

BLATCHFORD, District Judge. The amendment asked cannot be granted in the form proposed. The words, "business of his own," are not found in the act. The motion may be renewed on notice, on an affidavit showing the existence, at the date of filing the petition, of the facts specified in section 11 as necessary to give jurisdiction, setting forth specifically the words proposed to be stricken out and those proposed to be inserted, and the reasons why the petition was not made originally in the proper form, and the reasons why the amendment was not applied for sooner after the filing of the specifications.

---

## Case No. 17,936.

### In re WOOD.

[8 Ben. 237.][1]

District Court, S. D. New York. Sept., 1875.

BANKRUPTCY—TIME OF APPLICATION FOR DISCHARGE.

1. W. was adjudged a bankrupt on March 2, 1868. His application for a discharge was not made till June 19, 1869. A debt was proved and assets came to the hands of the assignee. *Held* that, under the decision of the circuit court for the Northern district of New York; in Re Sloan [Case No. 12,945], the application was made too late, and that no discharge could be granted in the case.

2. All applications for discharge must be made within one year from the adjudication. Where no debts have been proved, or no assets have come to the hands of the assignee, the application may be made after the expiration of sixty days from the adjudication. Where debts have been proved, and assets have come to the hands of the assignee, the application may be made after, but not till after, the expiration of six months from the adjudication.

[In the matter of Edward T. Wood, a bankrupt.]

S. G. Courtney, for bankrupt.

BLATCHFORD, District Judge. The adjudication of bankruptcy, in this case was made March 2, 1868. The application for a discharge was not made till June 19, 1869. Under the recent ruling of Mr. Justice Hunt (concurring with the opinion of Judge Wallace), in the case of In re Sloan [Case No.

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]